IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE BONILLA FIALLOS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 20-03577-JMC |
| HAMZAH SLAUGHTER HOUSE, LLC *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jose Bonilla Fiallos brought this case against Defendants Hamzah Slaughter House, LLC, and Imad Rababeh (collectively "Defendants" or "Hamzah"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and supplemental state law claims under the Maryland Wage and Hour Law, Md. Code Ann., LE Art. § 3-401 ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art. § LE 3-501 ("MWPCL"). (ECF No. 1). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF Nos. 22, 23).

Plaintiff alleges that Defendants (1) failed to pay overtime wages in violation of the FLSA and MWHL, and (2) failed to pay earned wages in violation of the MWPCL. (ECF No. 1). In its Answer, Defendant Rababeh filed a Counterclaim asserting he was physically assaulted by Plaintiff at the time of Plaintiff's termination. (ECF No. 8). Now pending before the Court is Plaintiffs' combined Motion for Summary Judgment and Motion to Dismiss. (ECF No. 37). Defendants filed a Response (ECF Nos. 38), and Plaintiff did not reply. All filings have been fully briefed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). As a preliminary matter, Plaintiff's Motion moves to dismiss Defendant Rababeh's counterclaim, and Defendant Rababeh

separately moves to voluntarily dismiss his own claim with prejudice. As a result, Defendant Rababeh's counterclaim (ECF No. 8) is DISMISSED, rendering that portion of Plaintiff's Motion as moot. For the reasons that follow, the remainder of Plaintiff's Motion for Summary Judgment is DENIED.

## I.    BACKGROUND

Plaintiff was an employee of Defendant Hamzah Slaughter House, LLC, an Islamic slaughterhouse in Williamsport, Maryland, that was owned and operated by Defendant Rababeh during the relevant time period. (ECF No. 38 at 1).[1] Hamzah Slaughter House slaughters animals in the morning and delivers meat to Halal markets in the early afternoon. (ECF No. 38 at 2). The nature of Hamzah's work is regulated by the United States Department of Agriculture (USDA), and a USDA inspector is on site whenever the slaughterhouse is in operation. (ECF No. 38 at 2). Hamzah's operational hours run from 6:00am until 2:30pm, and Hamzah is responsible for paying the USDA inspector overtime for operations extended beyond 2:30pm. *Id.* Any additional work ancillary to the operations of the slaughterhouse, particularly cleaning that takes place on weekends, is not observed by the USDA.

Plaintiff worked as skinner in the slaughterhouse from the relevant time periods of December 10, 2017, to March 25, 2018, and November 1, 2019, to October 9, 2020. In addition to his daily tasks as a skinner, Plaintiff occasionally performed other duties, including unloading trucks, moving animal carcasses, and cleaning animal pens. (ECF No. 37 at 5). Plaintiff's regular shift ran from Monday-Friday and his hours were to begin at some point from 5:30am to 6:00am, and last until 2:30pm.  (ECF No. 37 at 3-4; ECF No. 38 at 2-3). From December 10, 2017, to March 25, 2018, Defendants paid Plaintiff a daily flat rate of $120; from November 1, 2019, to

---

[1] Defendant Rababeh sold his ownership rights to Hamzah Slaughter House, LLC, at some point in 2020. (ECF No. 38, Ex. 1 at 5-6).

October 9, 2020, Defendants paid Plaintiff a daily flat rate of $150. (ECF No. 37 at 4; ECF No. 38 at 15). Defendants paid those employees, including Plaintiff, that cleaned the animal pens on weekends a daily flat rate of $100. (ECF No. 38 at 15).

Plaintiff asserts that he worked from 5:30am until 4:30pm from Monday through Sunday during each of the relevant time periods, totaling seventy-seven (77) hours worked a week, thirty-seven (37) of which are considered overtime for which he was not paid. (ECF No. 37). Plaintiff calculates the amount due to him by dividing the flat rates by eight (8) hours of work, equaling an hourly fee of $15 for December 10, 2017, to March 25, 2018, and $15.75 for November 1, 2019, to October 9, 2020. (ECF No. 37 at 4). Therefore, based on Plaintiff's calculations, he is owed overtime for 555 hours at one and a half (1.5) times his hourly rate of $15, and 1,813 hours at one and a half (1.5) times his hourly rate of $15.75. *Id.*

Defendants wholly dispute Plaintiff's claims of overtime work, and instead assert that Plaintiff worked less than eight (8) hours a day, noting that Hamzah frequently ended operations at 12pm. (ECF No. 38 at 10). Defendants further argue that Plaintiff began working on weekends in June 2020, and when he did, he only worked a few hours cleaning the animal pens. (ECF No. 38 at 17). Ultimately, Defendants suggest that Plaintiff merely worked twenty-seven and a half (27.5) to thirty-three (33) hours of work a week, falling short of the forty (40) hour overtime threshold. *Id.*

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty*

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

## III.    ANALYSIS

Plaintiff principally argues that Defendants did not pay him overtime wages, thereby violating the FLSA and corresponding Maryland laws. (ECF No. 37 at 12). The FLSA makes it illegal for an employer to employ an employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess" of forty (40) hours as a rate "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "To prove a claim under the FLSA for unpaid overtime wages, a plaintiff must show: (1) employment by defendant during the relevant time; (2) qualification as a covered employee under the FLSA statute, by virtue of being employed in an enterprise engaged in commerce or in the production of goods for commerce; and (3) defendant's failure to pay overtime wages. *See, e.g., Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 WL 1285507, at *3 (D. Md. Mar. 28,

2020); *Quinonez v. Reliable Auto Glass, LLC*, No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at \*2 (D. Ariz. July 11, 2012). The elements to prove an overtime claim under the MWHL and the MWPCL are essentially the same. *See McFeely v. Jackson Street Entm't, LLC*, 47 F. Supp. 3d 260, 267 n.6 (D. Md. 2014) (explaining the MWHL is the "state statutory equivalent of the FLSA"); *Peters v. Early Healthcare Giver, Inc.,* 97 A.3d 621, 625–26 (Md. 2014) (explaining that "both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages")." *Ramirez v. 316 Charles, LLC,* 2020 WL 7398807 at \*4 (D. Md., Dec. 17, 2020).

Essential to proving an overtime claim, an employee must prove the hours worked, which begins with "the initial burden of proving that [he] was improperly compensated. A prima facie case can be made through an employee's testimony giving [his] recollection of hours worked ... and [his] case is not to be dismissed nor should recovery be denied, because proof of the number of hours worked is inexact or not perfectly accurate." *McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 276 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016) (internal citations and quotations omitted). When the employee establishes the initial burden, the burden then shifts to the employer. *Id.* The employer is to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Richardson v. All. Residential Co.*, No. CV ELH-18-1114, 2020 WL 551316, at \*8 (D. Md. Feb. 4, 2020), *on reconsideration in part on other grounds*, No. CV ELH-18-1114, 2020 WL 2061512 (D. Md. Apr. 29, 2020) (quoting *Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)). Where an employer does not keep accurate timekeeping records and "liability hinges on the credibility of each parties' testimony," summary judgment is improper because "weighing evidence and determining witness credibility is reserved for the jury." *McFeely*, 47 F. Supp. 3d at 278.

Here, element two of the FLSA is satisfied, as Defendants have submitted to be "an employer within the meaning of the Fair Labor Standards Act", have denied applicability of an exemption, and admit to employing Plaintiff. (ECF Nos. 8 at 3). However, viewed in the light most favorable to the Defendants, there is a genuine dispute as to a material issue of fact concerning the amount of hours Plaintiff worked during the relevant time frame, as well as a dispute concerning the relevant time frame itself, thereby precluding a finding of elements one and three.

Plaintiff contends he "consistently" worked seventy-seven (77) hour work weeks during his periods of employment from December 17, 2017, to March 25, 2018, and November 1, 2019, to October 11, 2020, resulting in 2,368 hours of unpaid overtime. (ECF No. 37 at 13). Plaintiff generally asserts that he worked Monday-Sunday from 5:30a.m. to 4:30p.m. during each of his employment periods, citing to his own answers to Defendants' interrogatories as support. (ECF No. 37, Ex. 2 at 4). Plaintiff further relies on Defendants' admission that there was no record of employees' hours worked or any other method of timekeeping to support his contention that he worked overtime and should not be denied recovery. *Id.* at 5. Plaintiff's testimony that he worked overtime ultimately shifts the burden to Defendants to present accurate timekeeping or other "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."

In response, Defendants argue that Plaintiff worked twenty-seven and a half (27.5) to thirty-three (33) hours in any given work week. (ECF No. 38 at 17). Defendants offer evidence in the form of sworn affidavits from fellow employees and handwritten notes by Defendant Rababeh. (ECF No. 38, Exs. 1-8). The affidavits summarize work hours, noting that Plaintiff typically worked from 6:00a.m. until 12:00p.m. each day. (ECF No. 38, Ex. 2 at 3, Ex. 5 at 2, Ex. 6 at 2, Ex. 7 at 2, Ex. 8 at 2). In support of this assertion, each of the affidavits notes that Plaintiff did not

own a car and therefore left with other workers at the end of his shift. *Id.* Defendant Rababeh's notes are written in Arabic, but his sworn testimony states that his notes recount the employees present on each day of work. (ECF No. 37, Ex. 7; ECF No. 38, Ex. 1). Defendants further argue that because their operations were monitored by the USDA, employee hours were also monitored (albeit indirectly). (ECF No. 38 at 17). Defendants highlight that the required USDA inspector submitted ten and a half (10.5) hours of overtime in 2018, no overtime in 2019, and nine and three quarters (9.75) hours of overtime through October 2020 while overseeing Defendants' operations. (ECF No. 38 at 3). Defendants therefore argue that Plaintiff's calculation of hours, and damages as a result, are completely unfounded.

The Court is mindful that Defendants had a duty to maintain accurate timekeeping. *See Richardson*, 2020 WL 551316, at *8 ("[a]n employer has a non-delegable duty to keep accurate records of the hours that its employees work"). However, viewed in the light most favorable to the Defendants, Defendants' evidence of Plaintiff's hours tends to "negative the reasonableness of the inference to be drawn" from Plaintiff's submitted answers to interrogatories. Simply put, the parties' diverging views and conflicting evidence on the hours that Plaintiff worked has created a genuine issue of material fact, and its resolution is best reserved for a jury. *McFeely*, 47 F. Supp. 3d at 278 ("weighing evidence and determining witness credibility is reserved for the jury").

Furthermore, even if this Court was in a position to find that Plaintiff indeed worked uncompensated overtime, there would similarly remain a material issue of fact concerning the calculation of Plaintiff's hourly rate. If this Court were to accept Defendants' suggested 6-hour workday as true, the hourly rate would actually be much higher than Plaintiff's calculation.

Nevertheless, the issue of damages is one for the jury, reenforcing that summary judgment is improper.[2] Ultimately, Plaintiff has not shown that he is entitled to judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (ECF No. 37) is DENIED. A separate Order follows.


Dated:  January 11, 2022                              /s/
                                          J. Mark Coulson
                                          United States Magistrate Judge

---

[2] In his Motion, Plaintiff seeks treble damages under Maryland law, which is a matter for the trier of fact. *See, e.g.*, *Medex v. McCade*, 372 Md. 28, 43-44, 811 A.2d 297, 306-77 (2002) ("[w]hether punitive or compensatory in nature, the determination of discretionary damages is quintessentially a matter for the trier of fact, and therefore, the determination of a bona fide dispute and treble damages was for the jury"). Similarly, to the extent that Plaintiff seeks liquidated damages under the FLSA, this Court has historically been reluctant to grant summary judgment. *See Gaske v. Crabcake Factory Seafood House, LLC*, No. CV 18-2630-JMC, 2021 WL 5326465, at *8 (D. Md. Nov. 15, 2021) (illustrating the Court's reluctance to determine issues of motive and intent in inquiries concerning willfulness for statute of limitations and "good faith" for liquidated damages).