IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSE BONILLA FIALLOS**, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 20-03577-JMC |
| **HAMZAH SLAUGHTER HOUSE, LLC** *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Strike Defendants' late-designated expert witness. (ECF No. 46). No opposition has been filed, and the time for doing so has passed. The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). As set forth more fully below, Plaintiff's Motion (ECF No. 46) is GRANTED.

**I.   BACKGROUND**

Pursuant to the terms of this Court's July 1, 2021, Scheduling Order, Defendants were obligated to comply with and provide Rule 26(a)(2) Disclosures by September 15, 2021. (ECF 21). Further, the Defendants were required to supplement their Rule 26(a)(2) Disclosures and Responses by October 6, 2021. *Id.* The deadline to complete discovery was November 1, 2021. *Id.* Trial is scheduled for September 6, 2022. (ECF No. 43).

On June 3, 2022, Defendants for the first time served on Plaintiff a Notice of Disclosure of Expert Witness and disclosed information regarding the proposed Expert Witness in Supplemented Answers to Interrogatories. (ECF No. 46, Ex. 1). These documents identify, for the first time, Dr. Hamdy Solieman who has purportedly "spent much of his professional career with the Food Safety and Inspection Service (FSIS) of the USDA." *Id.* Defendants did not identify Dr. Hamdy Solieman

in their May 4, 2021, Answers to Interrogatories or in their November 3, 2021, Answers to Second Set of Interrogatories. (ECF No. 46, Exs. 2, 3). At the time that Defendants filed the Notice of Disclosure of Expert Witness and the Defendants' Supplemented Answers to Interrogatories, the deadlines for Rule 26(a)(2) Disclosures, Rule 26(e)(2) Supplementation of Disclosures and Responses, and discovery as a whole had already passed. Defendants are now seeking to make initial Rule 26(a)(2) disclosures well past the Court's September 2021 deadline. The Court also notes that no report from Dr. Solieman was apparently provided.

## II.    LEGAL STANDARD

Rule 26(a)(2)(B) requires that a party disclosing an expert witness provide a written report that includes, inter alia, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). The disclosure must be made by the date set in the scheduling order governing the case, or if the Court has not set a deadline, then at least ninety days before trial. Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) provides for sanctions for failure to comply with Rule 26(a)(2)(B). Specifically, it states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Boyd v. Armstrong*, Civ. No. ELH-17-2849, 2019 WL 1440876, at *10 (D. Md. Mar. 29, 2019).

## III.   ANALYSIS

In the present case, there is no question that the Defendant's designation of Dr. Solieman was untimely, filed nearly ten months after the Court's deadline, and more than eight months after the close of discovery. Moreover, the designation, when finally filed, was not compliant with Rule

26(a)(2). This late and noncompliant filing not only ignored the Court's Scheduling Order, but completely deprived Plaintiff from the ability to designate a rebuttal expert, as we are now less than eight weeks from trial. Defendants, who did not respond to this motion, provide no excuse for this untimeliness. As such, the Court has no basis to find substantial justification for Defendants' delay, and, pursuant to Fed. R. Civ. P. 37(c), Defendants may not call Dr. Solieman at trial.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 46) is GRANTED.

July 20, 2022                                                        /s/
Date                                                                 J. Mark Coulson
                                                                     United States Magistrate Judge